## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISON

DANIEL RAMIREZ,

           Plaintiff,

v.

FREEDOM CHEVROLET,

           Defendant.

Case No.: **5:20-cv-00424**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Texas Deceptive Trade Practices Act ("DTPA"), Sec. 17.46 of the Business and Commerce Code
2. Breach of Express Warranty
3. Breach of Implied Warranty of Merchantability
4. Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. ch. 50 § 2301, *et seq*.
5. Fraudulent Misrepresentation
6. Negligent Misrepresentation

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Daniel Ramirez ("Plaintiff" or "Mr. Ramirez"), through his attorneys, alleges the following against Freedom Chevrolet ("Defendant" or "Freedom").

## INTRODUCTION

Count I of Plaintiff's Complaint is based on violations of the Texas Deceptive Trade Practices Act ("DTPA"), Sec. 17.46 of the Business and Commerce Code, against Defendant and its agents for its use of false, misleading and deceptive acts and practices in the conduct of commerce.

Count II of Plaintiff's Complaint is based on Plaintiff's allegations of breach of an express warranty against Defendant and its agents for its false affirmation of a vehicle's good condition by advertising and specific statements upon which Plaintiff relied in the purchase of the vehicle.

Count III of Plaintiff's Complaint is based on Plaintiff's allegations of breach of implied warranty of merchantability against Defendant and its agents for the failure of a purchased vehicle

to pass without objection under the terms of the contract or to conform to the promises or affirmations of fact made the vehicle's label.

Count IV of Plaintiff's Complaint is based on violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. ch. 50 § 2301, *et seq*, against Defendant and its agents which provides a consumer with federal jurisdiction and attorney's fees in the case of a breach of state law implied warranty.

Count V of Plaintiff's Complaint is based on Plaintiff's allegations of fraudulent misrepresentation against Defendant and its agents for its willful misrepresentation to Plaintiff of a vehicle's condition made in order to induce Plaintiff's purchase of the vehicle.

Count VI of Plaintiff's Complaint is based on Plaintiff's allegations of negligent misrepresentation against Defendant and its agents for its negligent misrepresentation to Plaintiff of a vehicle's condition made in order to induce Plaintiff's purchase of the vehicle.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 15 U.S.C. § 1331; 15 U.S.C. § 2301.

2.    This Court has supplemental jurisdiction over Plaintiff's Texas state law claims pursuant to 18 U.S.C. § 1367 in that they form part of the same case and controversy as Plaintiff's claim under federal statute.

3.    Plaintiff resides in the state of Texas; therefore, personal jurisdiction is established.

4.    Defendant transacts business in the state of Texas; therefore, personal jurisdiction is established.

5.    A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Venue is established. 28 U.S.C. § 1391(b)(2).

//

## PARTIES

6.      Plaintiff is a natural person residing in San Antonio, Bexar County, Texas.

7.      Defendant is a new and used vehicle dealership and a subsidiary of Group 1 Automotive, an international Fortune 500 automotive retailer with its headquarters in Houston, TX.

8.      Defendant can be served at its principal place of business: 13483 I-10 West San Antonio, TX 78249.

9.      Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     On or about December 6, 2019, Mr. Ramirez contacted Freedom regarding an advertisement posted by Freedom on CarGuru.com of a 2017 Chevrolet Camaro (VIN#1G1FA3DS3H0132856) ("Vehicle").

11.     The Vehicle was advertised as "Certified Pre-owned."

12.     Mr. Ramirez spoke telephonically with Freedom's representative, "Jacob."

13.     Mr. Ramirez specifically requested that Jacob confirm that the Vehicle was in perfect condition before Mr. Ramirez took the time and expense to travel and view it.

14.     In response, Jacob stated, "Of course it is. That's how our mechanics get paid."

15.     On the same day, relying upon the representation of Freedom's representative, Mr. Ramirez traveled to Freedom in order to view the Vehicle.

16.     Mr. Ramirez's review of the Vehicle took place at 7:15 p.m., nearly two hours after sunset, which took place at 5:35 p.m.

17.     The Vehicle was painted black.

18.     The Vehicle was equipped with a plastic license plate upon which was printed the word "Certified."

19.     During Mr. Ramirez's review of the Vehicle, Freedom failed to indicate that the Vehicle had been severely damaged when involved in a collision.

20.     Due to the low light and black paint, Mr. Ramirez was not made aware of:

a.     The Vehicle's broken grille,

b.     The Vehicle's scuffed paint,

c.     A crack in the Vehicle's headlight housing; or

d.     The fact that the Vehicle's hood was not seat evenly in place.

21.     After assuring Mr. Ramirez of the Vehicle's perfect condition, and after failing to indicate to Mr. Ramirez the difficult-to-see damage, Freedom further deceived Mr. Ramirez by providing him with a clean Carfax report, indicating no collision.

22.     Relying upon (1) Freedom's listing of the Vehicle as "Certified Pre-owned" and plastic places indicating "Certified" as certification of the vehicle's good condition, (2) Freedom's express affirmation that the Vehicle's was in perfect condition, (3) Freedom's failure to point out the physical damage in the low light of evening, and (4) the Carfax provided to him by Freedom indicating a lack of collisions in the Vehicle's history, Mr. Ramirez purchased the vehicle.

23.     Mr. Ramirez has been damaged by Freedom's failure to disclose (1) the major body damage, (2) the fact that the vehicle had been in a collision.

24.     Freedom had a duty to disclose this information, and instead made statements to Mr. Ramirez certifying the Vehicle's good condition.

25.     Freedom was aware of the fact that the Vehicle had been involved in a collision and chose to withhold that information from Mr. Ramirez in an effort to induce him to buy the Vehicle, even going so far as to produce a clean Carfax.

26.     Mr. Ramirez will now be forced to fix the Vehicle's body damage and the collision will be reported on the Vehicle's Carfax, precipitously dropping the Vehicle's value.

27.     By failing to inform Mr. Ramirez of the damage, and by selling the Vehicle to Mr. Ramirez under false impressions, Freedom was able to sell the Vehicle at a price higher than its actual worth and pass on the drop in value to Mr. Ramirez.

28.     Mr. Ramirez is in possession of a vehicle of far less value than that of the Vehicle be bargained for.

29.     Mr. Ramirez expended personal time and expense, relying upon Freedom's false representations, in order to travel to the dealership and purchase the Vehicle.

30.     Freedom's conduct has further caused Mr. Ramirez emotional distress and damages, in the form of stress, frustration, and anxiety.

### COUNT I
**Violation of the Texas Deceptive Trade Practices Act ("DTPA")**
**Sec. 17.46 of the Business and Commerce Code**

31.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

32.     Defendant's conduct violated the DTPA.

33.     The DTPA prohibits "false, misleading or deceptive acts or practices in the conduct of any trade or commerce…" Tex. Bus. & Com. Code Ann. § 17.46(a).

34.     Specifically, the DTPA allows a private right of action where a seller of merchandise (including a motor vehicle) takes advantage of a consumer's lack of knowledge, fails

to disclose information concerning goods or services known at the time of the transaction to induce the consumer into a transaction, advertises goods with the intent not to sell them as advertised, knowingly makes false or misleading statements of facts concerning the need for parts, replacement, or service, among other actions. Tex. Bus. & Com. Code Ann. § 17.41, *et seq*.

35.     Defendant took advantage of Mr. Ramirez's lack of knowledge regarding the Vehicle's condition, the low light of evening, and black paint of the Vehicle in order to induce Mr. Ramirez to purchase the Vehicle.

36.     Defendant failed to disclose pertinent information to Mr. Ramirez regarding the Vehicle, after being specifically asked about the Vehicle's condition by Mr. Ramirez.

37.     Defendant knowingly made false and misleading statements of facts concerning the need for expensive body work on the Vehicle due to an undisclosed collision.

38.     On January 29, 2020, Plaintiff provided Defendant with sixty-day notice pursuant to Tex. Bus. & Com. Code Ann. § 17.505, fulfilling his duty under the DTPA.

39.     Defendant is liable under the DTPA for Plaintiff's economic and mental anguish damages. Tex. Bus. & Com. Code Ann. § 17.50(a).

40.     Defendant is further liable under the DTPA for treble damages in the event the finder of fact determines its conduct was committed knowingly. Tex. Bus. & Com. Code Ann. § 17.50(b).

41.     In the event that Plaintiff prevails in this action, Plaintiff is statutorily entitled to be rewarded reasonable attorney's fees from Defendant. Tex. Bus. & Com. Code Ann. § 17.50(d).

## COUNT II
**Breach of Express Warranty**

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

43.     Defendant is liable to Plaintiff for its breach of express warranty.

44.     "In order to recover for the breach of an express warranty, a plaintiff must prove: (1) an express affirmation of fact or promise by the seller relating to the goods; (2) that such affirmation of fact or promise became a part of the basis of the bargain; (3) that the plaintiff relied upon said affirmation of fact or promise; (4) that the goods failed to comply with the affirmations of fact or promise; (5) that the plaintiff was injured by such failure of the product to comply with the express warranty; and (6) that such failure was the proximate cause of plaintiff's injury." *Great Am. Prod. v. Permabond Int'l, a Div. of Nat'l Starch & Chem. Co.*, 94 S.W.3d 675, 681 (Tex. App. 2002) (citing *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.).

45.     Defendant expressly affirmed to Mr. Ramirez that the Vehicle was in good condition when it:

      a.     advertised the Vehicle as "Certified Pre-Owned,"

      b.     provided Mr. Ramirez with a clean Carfax report known by Defendant to be inaccurate, and

      c.     assured Mr. Ramirez that the Vehicle was in perfect condition.

46.     Freedom made the above described affirmation while having full knowledge that the vehicle had been damaged in an undisclosed collision.

47.     Mr. Ramirez relied upon these affirmations in deciding to purchase the Vehicle.

48.     Defendant is liable for Plaintiff's actual damages as a result of its breach of the express warranty.

49.     Defendant is further liable for Plaintiff's reasonable attorney's fees and costs. *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 63 (Tex. 2008) (citing Texas Civil Practice and

Remedies Code section 38.001(8))

**COUNT III**
**Breach of Implied Warranty of Merchantability**

50.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

51.     Defendant is liable to Plaintiff for its breach of the implied warranty of merchantability.

52.     "[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind…" Texas Business and Commerce Code § 2.314(a).

53.     "Goods to be merchantable must be at least such as… (1) pass without objection in the trade under the contract description; and… (3) are fit for the ordinary purposes for which such goods are used; and… (6) conform to the promises or affirmations of fact made on the container or label if any. Texas Business and Commerce Code § 2.314(b).

54.     Defendant is a merchant of new and used motor vehicles.

55.     The Vehicle sold by Defendant to Mr. Ramirez failed to pass without objection in the trade under the contract description. Specifically, Defendant made multiple, material, false statements regarding the condition of the Vehicle upon which Plaintiff relied in entering into the contract of sale.

56.     The Vehicle was not fit for the ordinary purpose for which a 2017 Chevrolet Camaro purchased at $22,000.00 is used, to wit: casual sport and exhibition.

57.     The Vehicle failed to conform to the promises and affirmations of fact contained upon the plastic label which specified the Vehicle as "Certified" a designation at Freedom Chevrolet which carries with it multiple affirmations of fact, including a "bumper-to-bumper"

warranty and the promise that a "172-point vehicle inspection" has been conducted. CERTIFIED

PRE-OWNED,                                                        freedomchevy.com,

https://www.freedomchevy.com/CertifiedVehicles?cs:o=%27certified%27 (last visited March 26,

2020).

58.    Defendant is liable for Plaintiff's incidental and consequential damages resulting

from Defendant's breach of the implied warranty of merchantability. Texas Business and

Commerce Code § 2.715.

**COUNT IV**
**Magnuson-Moss Warranty Act ("MMWA"),**
**15 U.S.C. ch. 50 § 2301, _et seq._**

59.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein at length.

60.    Defendant is liable to Plaintiff for violations of the MMWA.

61.    The MMWA defines an "implied warranty" as "arising under State law [] in

connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7).

62.    The MMWA provides a private right of action in federal court where a merchant

violates an implied warranty. 15 U.S.C. § 2310(d)(1)-(1)(a) ("[A] consumer who is damaged by

the failure of a supplier…under…[an] implied warranty…may bring suit…in an appropriate

district court of the United States…).

63.    Therefore, Defendant's breach of the implied warranty of merchantability under

Texas Business and Commerce Code § 2.314(a) is a violation of the MMWA.

64.    Defendant is liable for Plaintiff's actual damages as a result of its violation of the

MMWA. 15 U.S.C. § 2310(d)(1) ("[A] consumer who is damaged by the failure of a

supplier…under…[an] implied warranty…may bring suit…for damages and other legal and

equitable relief…").

65.     Defendant is further liable for Plaintiff's reasonable attorney's fees. 15 U.S.C. § 2310(d)(2).

## COUNT V
### Fraudulent Misrepresentation

66.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

67.     Defendant is liable to Plaintiff for its fraudulent misrepresentation.

68.     "The elements of a fraudulent misrepresentation claim are (1) a material misrepresentation (2) that was false (3) made with the knowledge that it was false or made recklessly without any knowledge of the truth and as a positive assertion (4) with the intention that it be acted upon by the other party (5) that the other party acted in reliance on the representation and (6) resulting injury. *Siltek Grp. Texas, LLC v. A&A Landscape & Irrigation LP,* No. 05-17-00042-CV, 2018 WL 3342691, at *3 (Tex. App. July 9, 2018) (citing *T. O. Stanley Boot Co. Inc., v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992).

69.     Freedom knowingly and materially misrepresented the condition of the Vehicle by advertising it as "Certified" and indicating to Mr. Ramirez that it was in "perfect" condition with the intent of causing Mr. Ramirez to purchase the Vehicle.

70.     Mr. Ramirez did indeed rely upon the misrepresentation, resulting in the purchase of a vehicle for more than its reasonable value.

71.     Defendant is liable for Plaintiff's actual damages incurred as a result of its fraudulent misrepresentation.

//

## <u>COUNT VI</u>
### Negligent Misrepresentation

72.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

73.     Defendant is liable to Plaintiff for its negligent misrepresentation.

74.     "The elements of a negligent-misrepresentation cause of action consist of: (1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; and (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury. *Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App. 2013) (citing *Miller v. LandAmerica Lawyers Title of El Paso*, 362 S.W.3d 842, 845 (Tex.App.-El Paso 2012, no pet.).

75.     Freedom materially misrepresented the condition of the Vehicle by advertising it as "Certified" and indicating to Mr. Ramirez that it was in "perfect" condition with the intent of causing Mr. Ramirez to purchase the Vehicle.

### <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, Daniel Ramirez respectfully requests judgment be entered against Defendant Freedom Chevrolet for the following:

A.     Actual damages, including emotional damages, pursuant to Tex. Bus. & Com. Code Ann. § 17.50(a), 15 U.S.C. § 2310(d)(1), and Texas state common law;

B.     Treble damages pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b);

C.      Punitive damages to be determined at trial, for the sake of example and punishing

Defendant for their malicious conduct, pursuant to Tex. Civ. Prac. & Rem. Code §

41.003 *et seq*;

D.      Costs and reasonable attorney's fees pursuant to Tex. Bus. & Com. Code Ann. §

17.50(d), Texas Civil Practice and Remedies Code section 38.001(8), and 15 U.S.C.

§ 2310(d)(2);

E.      Any pre-judgment and post-judgment interest as may be allowed under the law;

and

F.      Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of April 2020.


PRICE LAW GROUP, APC

*By: /s/ Lisbeth Findsen*
Lisbeth Findsen (SBN: 24002679)
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
F: (818) 600-5475
beth@pricelawgroup.com
*Attorneys for Plaintiff*
*Daniel Ramirez*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.


<u>/s/Josefina Garcia</u>